# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ANNE INGINO-CACCHIOLI, )
INDIVIDUALLY AND AS THE )
ADMINISTATOR AND THE )
ADMINISTRATOR AD )
PROSEQUENDUM OF THE ESTATE )
OF CHARLES JOSEPH CACCHIOLI, )
                                     )          C.A. No. N20C-12-243 JRJ
             Plaintiff, )
                                       )
      v. )
                                         )
                                         )
INFINITY CONSULTING )
SOLUTIONS, INC., )
                                         )
             Defendant. )

Date Submitted: July 28, 2021
Date Decided: August 19, 2021

## ORDER STAYING PLAINTIFF'S COMPLAINT PENDING INDUSTRIAL ACCIDENT BOARD'S DETERMINATION

Upon consideration of Defendant Infinity Consulting Solutions, Inc. ("Defendant")'s Motion to Dismiss,[1] Plaintiff Anne Ingino-Cacchioli, individually and as administrator of the Estate of Charles Joseph Cacchioli ("Plaintiff")'s

---

[1] Defendant's Motion to Dismiss ("Def. Mot. to Dismiss") (Trans. ID. 66417983).

Response thereto,[2] Defendant's Reply to Support its Motion to Dismiss,[3] and the record in this case, **IT APPEARS THAT:**

1. Plaintiff Anne Ingino-Cacchioli, widow of Decedent Charles Joseph Cacchioli ("Decedent"), in her individual capacity and on behalf of Decedent's Estate, filed suit against Decedent's employer, Defendant Infinity Consulting Solutions, Inc., alleging that Defendant's negligence, gross negligence, and/or recklessness caused Decedent to contract his fatal case of COVID-19 at work.[4]

2. In response, Defendant filed the instant Motion to Dismiss on the grounds that Plaintiff's claims are barred by the exclusivity provision of the Delaware Worker's Compensation Act ("Act").[5]

3. The Act provides compensation benefits to employees who suffer personal injuries arising out of and in the course of their employment and it is the "exclusive remedy available to an employee to secure compensation from an employer for work-related injuries."[6] Injuries covered by the Act include only those

---

[2] Plaintiff's Response in Opposition to Defendant Infinity Consulting Solutions, Inc.'s Motion to Dismiss ("Pl. Opp. to Def. Motion to Dismiss") (Trans. ID. 66517634).

[3] Defendant's Reply to Support its Motion to Dismiss ("Def. Rep. for Mot. to Dismiss") (Trans. ID 66576387).

[4] Complaint ("Compl.") ¶¶ 96-102 (Trans. ID 66218224). Plaintiff also alleges derivative claims for loss of consortium and survival and wrongful death. *Id.* ¶¶ 115-123.

[5] Def. Mot. to Dismiss ¶ 5; *see* 19 *Del. C.* § 2304. Defendant's Motion to Dismiss seeks to dismiss Plaintiff's derivative claims for consortium and survival and wrongful death on the same basis, as barred by the exclusivity provision of the Delaware Worker's Compensation Act. *Id.* ¶ 7.

[6] *Grabowski v. Mangler*, 2007 WL 121845, at *2 (Del. Super. Jan. 17, 2007); *see also* 19 *Del. C.* § 2304.

2

that create "violence to the physical structure of the body, such disease or infection as naturally results directly therefrom when reasonably treated and compensable occupational diseases and compensable ionizing radiation injuries arising out of and in the course of employment."[7]

4.     The Industrial Accident Board ("IAB") is the governing body vested with jurisdiction to hear all cases arising under the Act and any dispute over work-related injuries must be heard in the first instance by the IAB.[8]

5.     As noted, Defendant disputes the Superior Court's jurisdiction over Plaintiff's claims, arguing that Plaintiff must first bring her claim to the IAB for a determination on the merits because Plaintiff claims the Decedent contracted COVID-19 at his workplace.[9]

6.     Plaintiff rebuts the Defendant's argument, asserting that because COVID-19 does not qualify as an occupational disease or any other "injury" covered by the Act, her claims in this Court are not barred by the exclusivity provision of the Act.[10]  Plaintiff relies on two decisions from Delaware Courts for the proposition that an "occupational disease" as defined under the Act is one that results from the peculiar nature of the employment or one that is commonly regarded as natural or

---

[7] 19 *Del. C.* § 2301(16).
[8] *Jeanbaptiste v. Clarios, LLC*, 2020 WL 2375047, at *3 (Del. Super. May 11, 2020); *see also* 29 *Del. C.* § 8511.
[9] Def. Rep. for Mot. to Dismiss at 3.
[10] Pl. Opp. to Def. Motion to Dismiss at 4.

3

inherent in the particular type of employment.[11] Plaintiff argues that because COVID-19 is not the type of disease inherent in a professional staffing job, like Decedent's, it cannot be considered an occupational disease under the Act.[12]

7. Assuming *arguendo*, that COVID-19 is not defined as an occupational disease in accordance with the case law upon which Plaintiff relies, her argument fails to address the jurisdictional argument Defendant raises–that the IAB is the appropriate decision-making body to make such a determination in the first instance.[13]

8. At oral argument on July 28, 2021, Plaintiff's counsel disclosed to the Court that Plaintiff filed a petition in this case with the IAB on May 19, 2021 in order to preserve her claims within the one-year statute of limitations. According to Plaintiff, Plaintiff's IAB petition was stayed by stipulation and order of the Board pending a decision in this Court.

9. In light of the fact that Plaintiff has preserved her rights with the IAB and the well-established Delaware statutory and case law vesting the IAB with

---

[11] *See Air Mod Corp. v. Newton*, 215 A.2d 434, 442 (Del. 1965); *Burns v. Wilson*, 2015 WL 413452 (Del. Super. Jan. 30, 2015).
[12] Pl. Opp. to Def. Motion to Dismiss at 5.
[13] The two cases Plaintiff relies on, *Air Mod Corp. v. Newton* and *Burns v. Wilson*, began with petitions in the IAB, which were then appealed up to the Delaware Supreme Court and the Superior Court, respectively. *Air Mod Corp.*, 215 A.2d at 437; *Burns*, 2015 L 413452 at *1.

4

jurisdiction to hear all cases arising under the Act, it is evident to the Court that this case should first be heard by the IAB.[14]

**NOW THEREFORE**, for the foregoing reasons, this matter is **STAYED** pending, and subject to, the IAB's determination of the matter.

**IT IS SO ORDERED.**

*Jan R. Jurden*

_____
Jan R. Jurden, President Judge

cc: Prothonotary

---

[14] Defendant cites to an IAB decision where the Board exercised jurisdiction over a claimant's work-related COVID-19 case. In that case, the IAB denied compensation because the claimant failed to prove he contracted COVID-19 at his workplace. *Carl Fowler v. Perdue, Inc.*, IAB Hearing No. 1501167 (Dec. 31, 2020); *see* Def. Rep. for Mot. to Dismiss at 4-5. Defendant argues that although the IAB did not need to resolve the question of whether COVID-19 was covered by the Act, neither party disputed the Board's authority to do so if necessary. *Id.*